UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAMIKO PHILLIPS,

    Plaintiff,

v.

INTERNAL REVENUE SERVICE,
ET AL.,

    Defendants.
_____/

No. 10-50192

District Judge Paul D. Borman

Magistrate Judge R. Steven Whalen

## REPORT AND RECOMMENDATION

For the reasons set forth below, I recommend that Plaintiff Tamiko Phillips' petition to quash IRS summons [Docket #1] be DISMISSED WITHOUT PREJUDICE, for failure to timely serve the Defendants.

### I. BACKGROUND

On February 17, 2010, Plaintiff Tamiko Phillips filed a petition to quash a summons issued by the Internal Revenue Service. Because the docket showed that no proof of service on Defendants had been filed, on June 17, 2010 I ordered Plaintiff to show cause, within 14 days of the Order, "why his complaint should not be dismissed without prejudice for failure of timely service." [Docket #3]. I also cautioned that "Plaintiff's failure to do so will result in a Report and Recommendation to dismiss his case." To date, Plaintiff has not responded to my show cause order.

### II. DISCUSSION

Rule 4 of the Federal Rules of Civil Procedure governs the service of summonses. In *Napier v. Hawthorn Books, Inc.*, 449 F.Supp. 576, 579 (E.D. Mich. 1978), Judge Freeman, quoting Moores' Federal Practice, ¶ 4.03 at 961, defined "summons" as follows:

"'The term 'summons' as used in rule 4, and other rules, refers to the basic form of original process utilized in a federal civil action to secure jurisdiction over the defendant and inform him of the nature of the action brought against him."

The present Petition is, in effect, an original action that has been assigned a miscellaneous docket number. The Defendants in this case are an agency and an employee of the United States. Therefore, service of process is governed by Fed.R.Civ.P. 4(i), which provides as follows:

> **i) Serving the United States, Its Agencies, Corporations, Officers, or Employees.**
>
> **(1)** *Service upon the United States* shall be effected
>
> **(A)** by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an Assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States Attorney *and*
>
> **(B)** by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia, *and*
>
> **(C)** in any action attacking the validity of an order of an officer or agency of the United States not made a party, by also sending a copy of the summons and of the complaint by registered or certified mail to the officer or agency.
>
> **(2)(A)** *Service on an agency or corporation of the United States, or an officer or employee of the United States sued only in an official capacity*, is effected by serving the United States *in the manner prescribed by Rule 4(i)(1) and by also sending a copy of the summons and complaint by registered or certified mail to the officer, employee, agency, or corporation.*
>
> **(B)** *Service on an officer or employee of the United States sued in an individual capacity* for acts or omissions occurring in connection with the performance of duties on behalf of the United States--whether or not the officer or employee is sued also in an official capacity--is effected by serving the United States *in the manner prescribed by Rule 4(i)(1) and by serving the officer or employee in the manner prescribed by Rule 4 (e), (f), or (g).* (Emphasis added).

The Plaintiff has not complied with this Rule, and therefore this Court does not have personal jurisdiction over the Defendants. In *In re Motion to Quash Subpoenas and Vacate Service*, 146 F.Supp. 792, 794 (W.D. Pa. 1956), the Court stated:

> "Before this Court could quash a subpoena or make any order or decree, it must have jurisdiction of the persons or parties whom it would seek to affect or enjoin. Its apparent that the petitioners are seeking to quash a subpoena issued by the authority of a Congressional Committee. The petitioners are in effect asking this Court to enjoin the Committee from requiring the production of the documents called for in their subpoena. However, the Committee was not served with a copy of the motion, nor were they present, or represented in Court."

Under Fed.R.Civ.P. 4(m), service of a summons must be made within 120 days of the filing of the complaint, or, in this case, the motion to quash. Otherwise, the complaint is subject to dismissal without prejudice. Rule 4(m) provides that the Court may dismiss the complaint "on its own after notice to the plaintiff."

The 120-day time limit for service has long since passed in this case. Plaintiff was given notice that his petition was subject to dismissal, yet he has not responded to my show cause order of June 17, 2010. His petition to quash the IRS summons should therefore be dismissed without prejudice.

## III. CONCLUSION

I recommend that Plaintiff's petition to quash summons [Docket #1] be DISMISSED WITHOUT PREJUDICE, pursuant to Fed.R.Civ.P. 4(m).

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fd'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to

E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                             s/R. Steven Whalen
                                             R. STEVEN WHALEN
                                             UNITED STATES MAGISTRATE JUDGE

Date: October 22, 2010

_____

### CERTIFICATE OF SERVICE

I hereby certify on October 22, 2010 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on October 22, 2010: **Tamiko Phillips**

                                             s/Michael E. Lang
                                             Deputy Clerk to
                                             Magistrate Judge R. Steven Whalen
                                             (313) 234-5217